**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TIFFANY ANDREWS BECK, as Administratrix of THE ESTATE OF WOODIE EARL BECK, III, deceased,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**4US CORP; MERCEDES-BENZ USA, LLC; MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG; DAIMLER TRUCK NORTH AMERICA, LLC f/k/a DAIMLER TRUCKS NORTH AMERICA, LLC, f/k/a FREIGHTLINER LLC; DAIMLER TRUCK HOLDING AG; ALFA MUTUAL INSURANCE COMPANY; ANDRII DMYTERKO, and fictitious parties 1-200,**<br><br>      **Defendants.** | **Civil Action No. 1:25-cv-454** |

<u>**DEFENDANT DAIMLER TRUCK NORTH AMERICA, LLC'S
NOTICE OF REMOVAL**</u>

Defendant Daimler Truck North America, LLC ("DTNA") gives notice of the removal of this action from the Circuit Court of Clarke County, Alabama to the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has jurisdiction over this case: Plaintiff is an Alabama citizen, and all defendants who real parties to this controversy are citizens of Delaware, Illinois, Michigan, Pennsylvania, and Germany. The amount in controversy—punitive damages for wrongful death under Alabama law—substantially exceeds $75,000. As demonstrated below, all requirements for removal are satisfied.

## I.    <u>Background</u>

In her First Amended Complaint, Plaintiff alleges that her decedent, Woodie Earl Beck, III,

was killed after defendant Andrii Dmyterko ("Dmyterko") crashed a 2019 Freightliner Cascadia into the decedent's vehicle. Ex. A, Compl. at ¶¶ 27–28. She claims that the 2019 Cascadia was "owned, operated, and dispatched by" defendant 4US Corp. *Id.* at ¶ 30. She claims that defendants Mercedes-Benz USA, LLC ("MBUSA"), Mercedes-Benz Group AG ("MBG"), DTNA, and Daimler Truck Holding AG ("DTH") designed, manufactured, and sold the 2019 Cascadia with defective or absent "Crash Avoidance Technology." *Id.* at ¶¶ 30–39. And she claims that defendant Alfa Mutual Insurance Company ("Alfa") supplied uninsured motorist and underinsured motorist ("UM/UIM") coverage under a policy with the decedent. *Id.* at ¶ 29.

Plaintiff seeks to recover against defendants Dmyterko and 4US Corp. for negligence, wantonness, negligent entrustment, and wanton entrustment. *Id.* at ¶¶ 49–68. As against MBUSA, MBG, DTNA, and DTH, she seeks to recover for negligence, wantonness, and under the Alabama Extended Manufacturers Liability Doctrine. *Id.* at ¶¶ 69–140. As against Alfa, she seeks payment under the decedent's UM/UIM policy. *Id.* at ¶¶ 141–44.

Plaintiff served the First Amended Complaint on DTNA on October 10, 2025, through its Alabama registered agent. The case is pending in the Circuit Court of Clarke County, Alabama and is assigned Case Number 16-CV-2025-900118.

## II.   **This Court Has Diversity Jurisdiction Over This Case**

This action is removable because this Court has original subject matter jurisdiction over it. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants[] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

is between . . . citizens of different States [and/or] citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (2).

Here, Plaintiff's citizenship is diverse from that of all defendants who are real parties to the controversy, and the amount in controversy exceeds $75,000. Thus, this Court has subject matter jurisdiction over this dispute.

### A. Plaintiff's Citizenship is Diverse from the Citizenships of all Defendants who are Real Parties to this Controversy.

There must be "complete diversity" of citizenship between the parties to invoke diversity jurisdiction under 28 U.S.C. § 1332. That is, "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).[1] However, in making its citizenship determination, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Here, Plaintiff's citizenship is diverse from the citizenship of all of the defendants that are "real parties to the controversy."

> i.   <u>Plaintiff is an Alabama citizen, and none of the defendants who are real parties to this controversy are citizens of Alabama.</u>

<u>Plaintiff is a citizen of Alabama.</u> For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Plaintiff alleges that she is the administratrix of the Estate of Woodie Earl Beck, III, who died on May 6, 2025, in Clarke County, Alabama. Ex. A, Compl. at ¶ 4. She is the spouse of the decedent, and they lived in Wilcox County, Alabama. *See id.* at ¶¶ 1, 3–4. Prior to his death, the decedent held an Alabama driver's license that listed an address in

---

[1]   Throughout, unless otherwise noted, all emphases and alterations are added, and all internal quotation marks, citations, and footnotes are omitted.

Camden, Alabama. Ex. B, Crash Rpt. Plaintiff is therefore a citizen of Alabama.

Defendant 4US Corp. is a citizen of Illinois. For purposes of diversity jurisdiction, a corporation is a citizen of the states in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). "[I]n practice [a corporation's principal place of business] should normally be the place where the corporation maintains its headquarters . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Plaintiff alleges that 4US Corp. "is a corporation organized and existing under the laws of Illinois." Ex. A, Compl. at ¶ 5. Public filings[2] accessible through the Illinois Secretary of State's website confirm that 4US Corp. is incorporated under Illinois law and has its principal place of business in Palatine, Illinois. Ex. C, 4US Corp. 2025 Annual Rpt. Because 4US Corp. is incorporated in Illinois and has its principal place of business there, it is a citizen of Illinois for diversity purposes.

Defendant MBUSA is a citizen of Delaware and Michigan. For diversity purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff alleges MBUSA "is a Delaware corporation with its principal place of business located in Sandy Springs, Georgia." Ex. A, Compl. at ¶ 6. Plaintiff does not allege the citizenship of MBUSA's members. In fact, MBUSA is a Delaware limited liability company with its principal place of business located in Sandy Springs, Georgia. MBUSA's sole member is Mercedes-Benz North America, Inc., which is a corporation organized and existing under Delaware law with its

---

[2]   DTNA requests that the Court take judicial notice of secretary of state public-business-entity records because their "accuracy cannot reasonably be questioned." *See Barr v. Ewing*, 774 F. App'x 547, 550 (11th Cir. 2019) (citing *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015)); *see also Springhill Ave. United Methodist Church, Inc. v. Lloyd's of London*, 2025 WL 354818, at *9 (S.D. Ala. Jan. 10, 2025), *R&R adopted*, 2025 WL 348548 (S.D. Ala. Jan. 30, 2025) (collecting cases). "[J]udicial notice is a valid substitute for proof in connection with jurisdictional questions." *Barr*, 774 F. App'x at 550.

principal place of business in Michigan. [3] MBUSA is therefore a citizen of Delaware and Michigan. *See Rolling Greens*, 374 F.3d at 1022.

Defendant MBG is a citizen of Germany. Plaintiff alleges that MBG "is a German corporation" that can be served in Germany. Ex. A , Compl. at ¶ 7. More specifically, MBG is a German publicly traded company incorporated in the Federal Republic of Germany, with its principal place of business in in Stuttgart, Germany. MBG is therefore a citizen of Germany for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 93.

Defendant DTNA is a citizen of Germany. Plaintiff alleges that DTNA "is a limited liability company headquartered in Portland, Oregon." Ex. A , Compl. at ¶ 8. Plaintiff does not allege the citizenship of DTNA's members. DTNA is a limited liability company whose sole member is Daimler Truck & Buses US Holding LLC. The sole member of Daimler Truck & Buses US Holding LLC is Daimler Truck AG, which is a publicly traded Frankfurt, Germany company, incorporated in the Federal Republic of Germany, with its principal place of business in Germany. DTNA is therefore a citizen of Germany for purposes of diversity jurisdiction. *See Rolling Greens*, 374 F.3d at 1022; *CityPlace Retail*, 2021 WL 3486168 at *1–3.

Defendant DTH is a citizen of Germany. Plaintiff alleges that DTH "is a German corporation headquartered in Germany." Ex. A , Compl. at ¶ 9. More specifically, DTH is a German publicly traded company incorporated in the Federal Republic of Germany, with its principal place of business in Leinfelden-Echterdingen, Germany. DTH is therefore a citizen of Germany for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 93.

---

[3] Where members of a limited liability company are themselves entities, associations, or limited liability companies, the citizenship of the LLC is traced "through however many layers of members or partners there may be." *CityPlace Retail, LLC v. Wells Fargo Bank N.A. As Tr. For Registered Holders Of Credit Suisse First Boston Mortgage Sec. Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1*, 2021 WL 3486168 at *1–3 (11th Cir. July 15, 2021).

Defendant Dmyterko is a citizen of Pennsylvania or Ukraine. "For diversity purposes, a person is a citizen of the state in which he is domiciled." *Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1214–15 (S.D. Ala. 2006) (citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). "'Domicile,' in turn, is properly defined as the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1215 (citing *Sunseri v. Macro Cellular Partners,* 412 F.3d 1247, 1249 (11th Cir. 2005)). "Determination of a party's domicile requires a 'totality of the circumstances' approach weighing a constellation of objective facts," which might include "the state(s) where civil and political rights are exercised, where taxes are paid, where real and personal property are located, where driver's and other licenses are obtained, where mail is received, where telephone numbers are maintained and listed, where bank accounts are maintained, where places of business or employment are located, and where memberships in local professional, civil, religious or social organizations are established." *Id.* "A party can have only one domicile at a time" and once "one's domicile is established, it can change only upon a concurrent showing of both (1) physical presence at the new location, and (2) intent to remain there indefinitely." *Id.* When an individual is incarcerated in a particular state, he does not acquire a new domicile in the state of his incarceration, he instead retains the domicile that he had prior to incarceration. *Horn v. Estate of Camacho*, 817 F. App'x 872, 875–76 (11th Cir. 2020).

Plaintiff alleges that defendant Dmyterko "is a foreign national in the United States on a work visa, who currently resides in the Clarke County Jail awaiting trial." Ex. A , Compl. at ¶ 11. Public filings in Dmyterko's criminal case show that his pre-incarceration home address is in Pennsylvania and that he holds (or held) a Pennsylvania driver's license. Ex. D, Order on Initial Appearance; Ex. B, Crash Report. Dmyterko is originally from Ukraine. In any event, Dmyterko

6

is a citizen of Pennsylvania or Ukraine for purposes of diversity jurisdiction. *Slate*, 444 F. Supp. 2d at 1214–15; *Horn*, 817 F. App'x at 875–76.

ii.   The fictitious parties' citizenship is disregarded for purposes of diversity jurisdiction.

Plaintiff lists 200 unnamed fictitious parties as defendants. *See* Ex. A, Compl. at ¶¶ 12–21. But "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The citizenship of the fictitious parties should be disregarded here.

iii.   Alfa's citizenship should be disregarded because it is a nominal party to this controversy.

Alfa is an Alabama corporation with its principal place of business in Alabama, *see* Ex. A, Compl. at ¶ 10, but because, under Alabama law, Alfa is a nominal party to this action, its citizenship must be disregarded for purposes of diversity jurisdiction. *See, e.g.*, *Germinaro v. Null*, 623 F. Supp. 3d 1283, 1289 (M.D. Ala. 2022).

In *Germinaro*, the plaintiffs were injured in a traffic crash when a tractor-trailer collided with them. *Id.* at 1284–85. The plaintiffs sued—in state court—the truck driver, the trucking company, and plaintiffs' own uninsured and underinsured motorist insurer, Alfa. *Id.* at 1285. The trucking defendants filed a notice of removal, arguing that the plaintiffs' citizenship (Alabama) was diverse from their own citizenship (Texas and Louisiana) and that Alfa's citizenship (Alabama) should be disregarded because it was a nominal defendant and had opted out of the litigation, as was its right under Alabama law. *Id.*

Chief Judge Marks of the Middle District of Alabama agreed that removal was proper. *Id.* at 1284, 1289. The court first recounted that it "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 1286. Then, it discussed Alabama's UM/UIM system, which allows a UM/UIM "insurer to be named as a party

7

to the suit, to decide the extent of its own participation, and to decide, in its discretion, to defend the suit in the same position as that of the tortfeasor's own insurer." *Id.* at 1288 (quoting *Broyles v. Bayless*, 878 F. 2d 1400, 1403–04 (11th Cir. 1989)). Given this, the court noted that there is a "presumption that Alfa's status as an underinsured motorist carrier is that of a nominal party," which can be "overcome" only if it took "steps that clearly indicate" that Alfa (1) had "become subrogated to the rights of their insured after payment of the loss," (2) was "defending actions brought directly against them," or (3) had "assume[d] primary and visible control of the litigation." *Id.* at 1287–88. The presumption had not been overcome there because, though Alfa had answered the plaintiff's state court complaint, asserted affirmative defenses, and joined the other defendants in the removal, its level of participation was "much less than" those cases where "courts have found the defendant insurers were not nominal." *Id.* at 1288. Plus, the plaintiff's claim against Alfa was not for breach of contract or bad faith, but only for UM/UIM coverage, which "functions as mere notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial," not an "independent live controversy." *Id.* at 1288–89. Further, though Alfa opted out after removal, the court was "not so rigid as to *require* a clear opt-out at the time of removal if the insurer does not otherwise implicate these exceptions." *Id.* at 1289 (emphasis in original). Accordingly, the court found that Alfa was a nominal party, did not consider its citizenship for diversity purposes, and denied plaintiff's motion to remand. *Id.*

The jurisdictional question *Germinaro* answered is the question presented here: whether an Alabama UM/UIM insurer joined with alleged foreign tortfeasors defeats diversity. As in *Germinaro*, Plaintiff's claim here against Alfa seeks only coverage under the decedent's policy— a contingent claim wholly derivative of the underlying tort litigation. Ex. A, Compl. at ¶¶ 142–44.

8

Plus, though the *Germinaro* court recognized that a UM/UIM insurer's opt-out is not required for nominal party status, Alfa's counsel has indicated that Alfa will exercise its statutory right to opt out of this litigation following the removal of this action. Alfa is a nominal party whose Alabama citizenship must be disregarded for diversity purposes. Its forthcoming opt-out from this litigation underscores that status.

*   *   *

In sum, Plaintiff is a citizen of Alabama, and the real-party defendants are not citizens of Alabama. There is complete diversity between Plaintiff, on the one hand, and the defendants, on the other.

### B.  The Amount in Controversy Exceeds $75,000

Plaintiff's Complaint does not state a specific value of alleged damages for which she seeks to recover. Instead, she "demands judgement . . . for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs." *E.g.*, Ex. A, Compl. at 27, 30, 32.

But "[w]hen the Complaint does not claim a specific amount of damages, removal from state court is [] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount." *See Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 754 (11th Cir. 2010). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* And the amount in controversy at the time of removal "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). In making the amount-in-controversy determination, district courts may make reasonable deductions, reasonable inferences,

9

or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). Courts "need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount" but "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

Where a plaintiff asserts a wrongful death claim under Alabama law, which provides for recovery of punitive but not compensatory damages, the amount-in-controversy requirement is met. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063–64, 1066 (11th Cir. 2010). This is because the Alabama Wrongful Death Act's "goal is to prevent death, not to compensate for the loss of human life, which Alabama believes possesses a value 'beyond measure,'" so it "attempts to preserve human life by making homicide expensive." *Id.* at 1065 (citing *Campbell v. Williams,* 638 So.2d 804, 810–11 (Ala. 1994)). In calculating a damage award under the Act, a "jury is instructed to consider: (1) the finality of death, (2) the propriety of punishing the defendant, (3) whether the defendant could have prevented the victim's death, (4) how difficult it would have been for the defendant to have prevented the death, and (5) the public's interest in deterring others from engaging in conduct like the defendant's." *Id.* "[T]he worse the defendant's conduct was, the greater the damages should be." *Id.*

Where the plaintiff alleges that the defendant caused the decedent's death through wantonness, "judicial experience and common sense dictate that the value of [the plaintiff's] claims (as pled) more likely than not exceeds the minimum jurisdictional requirement." *Id.* at 1066. Plaintiff alleges wanton conduct under both of her alternative theories. She claims defendants acted wantonly whether the truck's Crash Avoidance Technology was defective or absent. Ex. A, Compl.

at ¶ 86(a)-(j). These wantonness allegations in a wrongful death action easily satisfy the jurisdictional threshold.

Like in *Roe* then, the complaint here "states a case that more likely than not exceeds $75,000." *See* 613 F.3d at 1066; *see also White-Spunner Const., Inc. v. Zurich Am. Ins. Co.*, 2010 WL 3489956, at *3 (S.D. Ala. Aug. 30, 2010); *Ward v. UOP LLC*, 2010 WL 891912, at *5–6 (S.D. Ala. Mar. 9, 2010).

\* \* \*

Plaintiff's citizenship is diverse from that of all real-party defendants, and the amount in controversy exceeds $75,000. This Court has subject matter jurisdiction over this dispute.

### III. DTNA Has Timely Filed This Notice of Removal

A notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .." 28 U.S.C. § 1446(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.* at § 1446(b)(2)(B).

Plaintiff served DTNA with her First Amended Complaint—the first pleading in which she named DTNA as a defendant—on October 10, 2025. *See* Ex. A. Therefore, DTNA has timely removed this case within 30 days after its receipt of the "initial pleading" against it. *See* Fed. R. Civ. P. 6(a)(1).

### IV. Removal to This Court is Proper

Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 81(c)(2), this Court embraces the Circuit Court of Clarke County, Alabama, where the action is

11

currently pending. Accordingly, this Court is the appropriate court for removal of this action.

**V.      DTNA Has Met All Additional Procedural Requirements for Removal**

**A.      Copy of Served Documents and State Court Filings.** In support of this Notice of Removal, DTNA has attached "a copy of all process, pleadings, and orders" from the state court action that were served on DTNA, 28 U.S.C. § 1446(a). *See* Ex. A, Compl. Additionally, DTNA has also attached all filings in the state court docket, through the time of filing. Ex. E, State Court Docket Materials.

**B.      Notice to State Court.** Promptly after the filing of this Notice of Removal, DTNA will serve other parties to this action with this Notice of Removal and will file a copy of it with the Circuit Court of Clarke County, Alabama, pursuant to 28 U.S.C. § 1446(d).

**C.      Consent.** Here, all properly served co-defendants—MBUSA and Alfa—consent to this removal. Additionally, though not yet served or not yet properly served, defendants MBG, DTH, and 4US Corp. also voluntarily consent. The sole defendant who does not consent is Dmyterko, whose consent is not required because he is a nominal party to this action.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). But "[t]he unanimity rule . . . is not violated when the alleged offender of the rule has not been served at the time the removal petition is filed" because "a defendant that has not been served with process need not join in or consent to removal." *Harris v. Pacificare Life & Health Ins. Co.*, 514 F. Supp. 2d 1280, 1286 (M.D. Ala. 2007). Further, "nominal defendants need not join in or consent to removal." *GMFS, LLC v. Bounds,* 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003).

i.      MBUSA and Alfa have been properly served and consent to removal.

According to the state court docket records as of the date of this filing, DTNA has determined that MBUSA was served October 10, 2025, and Alfa was served on October 28, 2025. Both of these defendants[4] consent to removal through their counsel. *See* Ex. F, MBUSA Consent to Removal; Ex. G, Alfa Consent to Removal.

ii.        4US Corp. has not been properly served, but consents to removal. In the state court action, Plaintiff filed a document purporting to show proof of service on 4US Corp. on October 30, 2025. Ex. E, State Court Docket Materials at Doc. 30. But this document shows the opposite—that 4US Corp. was not properly served. Under Alabama law,[5] service on corporations and other entities is made "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). The completed Return on Service in the summons issued to 4US Corp. shows that it was personally delivered to "Marina Kunayoka," who purports to be a "co-resident" at the address listed on the summons for Illia Malikovskyi, 4US Corp.'s registered agent: 617 Carnation Drive, Oswego, Kendall County, Illinois. Ex. E, State Court Docket Materials at Doc. 30. Ms. Kunayoka is not an officer, partner, managing or general agent, or an agent authorized to receive service of process. *See* Ex. C, 4US. Corp. 2025 Annual Report. Service on her is not valid service on 4US Corp., even if she resides in the same place as 4US Corp.'s

---

[4]    Alfa's consent to removal is not required since it is a nominal defendant. *See GMFS,* 275 F. Supp. 2d at 1353.

[5]    "The issue of whether there was proper service of process on [a defendant] prior to removal [] must be determined in accordance with Alabama's procedural rules governing service of process." *Harris v. Pacificare Life & Health Ins. Co.*, 514 F. Supp. 2d 1280, 1287 (M.D. Ala. 2007); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) ("A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process.").

registered agent or one of its officers.[6] *See Med-Call, Inc. v. Livingston*, 64 So. 3d 1051, 1055 (Ala. Civ. App. 2010) ("[T]here is no indication in the text of Rule 4(c)(6) that the more liberal provisions allowing for service upon individuals can be utilized as a means of service of process upon a *corporation.*" (emphasis in original)); *Slocumb L. Firm, LLC v. Greenberger*, 332 So. 3d 903, 909 (Ala. Civ. App. 2020) ("[S]imply because a summons and complaint are delivered to the proper address does not necessarily compel the conclusion that the proper person was served." (emphasis in original)); *Haynes v. Johnson*, 2018 WL 1609633, at *2 (N.D. Ala. Apr. 3, 2018) (explaining that under Alabama law, service on an artificial entity is not sufficient where the summons is "served on a co-habitant of a person authorized to receive service on behalf of" the entity). Because 4US Corp. has not been properly served, its consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A); *Harris*, 514 F. Supp. 2d at 1286. Nevertheless, 4US Corp. voluntarily consents to removal through its counsel. *See* Ex. K, 4US Corp. Consent.

       iii.        **MBG and DTH have not been served, so their consent is not required but has been obtained.** As of the filing of this Notice, defendants MBG and DTH have not been properly served. Though their consent to removal is therefore not required, *see* 28 U.S.C. § 1446(b)(2)(A); *Harris*, 514 F. Supp. 2d at 1286, these defendants also consent to removal

---

[6]   The summons indicates that the Carnation Drive address is the address of 4US Corp.'s registered agent, Illia Malikovskyi. *Id.* But public records contradict that connection. Though 4US Corp.'s Annual Report filed with the Illinois Secretary of State shows that Illia Malikovskyi is 4US Corp.'s registered agent, her address is listed as 21 Bailay Lane, Lake Zurich, IL 60047. Ex. C, 4US. Corp. 2025 Annual Report. A prior summons was issued to that address, but has not been served. Ex. E, State Court Docket Materials at Doc. 18. The Carnation Drive address is the address listed for 4US Corp.'s president, secretary, and director, Eli Malikovsky. Ex. C, 4US. Corp. 2025 Annual Report. Presumably, Ms. Kunayoka is a "co-resident" at Mr. Malikovsky's residence but not at Ms. Malikyovskyi's residence. In any event, service on Ms. Kunayoka was not proper service on 4US Corp., regardless of who she lives with.

through their counsel. *See* Ex. H, MBG Consent; Ex I, DTH Consent.

      iv.      <u>Dmyterko's consent is not required.</u> Dmyterko was served with the amended complaint on October 6, 2025, but he is a nominal party to this action for purposes of removal, so his consent to removal is not required. For purposes of removal, when a defendant is "neither necessary nor indispensable" to an action, he is considered "nominal or formal," rather than "real." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317–18 (11th Cir. 2017). "[T]he ultimate test for whether a defendant is nominal is whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id.*

      Here, there are at least four reasons the Court could enter a fair and equitable final judgment for Plaintiff even if Dmyterko were not a party.

      *First*, Alabama's joint and several liability system allows Plaintiff to recover any liability attributed to Dmyterko in full from 4US Corp. through respondeat superior. Plaintiff alleges that 4US Corp. is liable, at least in part, for Dmyterko's actions via respondeat superior, *see* Ex. A, Compl. at ¶ 31 ("At the time of the collision, Mr. Dmyterko . . . [was] operating the subject 2019 Freightliner Cascadia in the line and scope of [his] employment with 4USCorp."). Under Alabama law, "an employer is vicariously liable under the doctrine of respondeat superior for the wrongful acts of its employee when (1) the employee's wrongful acts were in the line and scope of his employment or (2) the acts were in furtherance of the business of the employer." *Madasu v. Shoals Radiology Assocs., P.C.*, 378 So. 3d 501, 505 (Ala. 2022). That is, whatever Dmyterko's liability may be, so too must be 4US Corp's—so Dmyterko's presence here is not necessary for Plaintiff to

15

fully present her claims and theories and recover a full judgment, thus rendering him a nominal party for purposes of removal.

Because recovery here would be joint and several, even Dmyterko's absence from the case would not preclude the jury from considering his level of responsibility, and thus Plaintiff could fully recover all of her damages from the other joint tortfeasors. *Cf. Thermoset*, 849 F.3d at 1317–18 (finding a defendant to be more than a nominal defendant because "Florida is not a joint-and-several liability state," so "[u]nder Florida law, a defendant . . . is liable only for the amount of damages proportional to its percentage of fault. Thus, if [the purported nominal defendant] were not at the trial, [the other defendants] could argue that [the purported nominal defendant] caused the problems, so [the other defendants were] not at fault for [Plaintiff's] damages" and "[i]f the factfinder agreed, [the other defendants] would pay nothing, leaving [Plaintiff] with incomplete relief."). In other words, because of Alabama's joint-and-several liability framework—unlike Florida's in *Thermoset*—Plaintiff will be permitted to recover for whatever liability the jury attributes to Dmyterko from the other joint tortfeasors, which at a minimum would include 4US Corp. *See Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 884 n.6 (11th Cir. 2020) (finding that a tortfeasor-driver was not a necessary party "because his absence would not preclude complete relief between the parties"); *McCrory v. Costco Wholesale Corp.*, 584 F. Supp. 3d 1091, 1100–01 (S.D. Ala. 2022) (citing *Hickerson*).

Moreover, Plaintiff pursues direct negligence theories against 4US Corp. that do not depend on Dmyterko's conduct, including that 4US Corp. "negligently inspected, serviced, maintained, and/or repaired" the truck and "negligently employed, retained, trained, monitored, and/or supervised [] Dmyterko." Ex. A, Compl. at ¶¶ 52–53. These

16

direct claims against 4US Corp. (and the various other claims and theories against the manufacturer defendants) provide Plaintiff with complete avenues for relief entirely independent of any recovery from Dmyterko.

*Second*, Dmyterko is a nominal party also because he is alleged to be a joint tortfeasor and is thus, *per se* not a necessary or indispensable party to this action. Indeed, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *see also Lyons v. O'Quinn*, 607 F. App'x 931, 934 (11th Cir. 2015) ("[T]he rule is that where joint tortfeasors may be jointly and severally liable, neither tortfeasor is an indispensable party."); *Ex parte Advanced Disposal Servs. S., LLC*, 323 So. 3d 52, 61–62 (Ala. 2020) (citing *Temple*). "Joint tortfeasors are those who act together in committing wrong, or whose acts if independent of each other, unite in causing a single injury." *Ex parte Barnett*, 978 So. 2d 729, 733 (Ala. 2007). Plaintiff alleges that Dmyterko is a joint tortfeasor with the other defendants, particularly 4US Corp. *See* Ex. A, Compl. at ¶ 51 (alleging that Dmyterko operated the truck "in an unsafe, dangerous, inattentive, negligent, and distracted manner, thereby causing the multi-vehicle collision"), ¶¶ 52, 53 (alleging that 4US Corp. "negligently inspected, serviced, maintained, and/or repaired" the truck and "negligently employed, retained, trained, monitored, and/or supervised [] Dmyterko," which "contribut[ed] to the unsafe operation of the subject vehicle and the resulting fatal collision in [various] respects"). And "[b]inding precedent dictates that [an employee] is not an indispensable party even though there is joint and several liability and even though [the employer's] liability is predicated on [the employee's] alleged negligence." *See Lyons*, 607 F. App'x at 935. Thus, Dmyterko is not an indispensable party—and is a nominal party for

17

purposes of removal—even though Plaintiff alleges that 4US Corp.'s liability is—at least in part—predicated on Dmyterko's alleged negligence.

*Third*, it strains credulity to believe that Plaintiff will be able to actually receive any money from Dmyterko—again meaning that even if he were absent, Plaintiff's recovery would be unaffected. Plaintiff alleges that Dmyterko "is a foreign national in the United States on a work visa" who is currently jailed in the Clarke County Jail. Ex. A, Compl. at ¶¶ 11–12. He currently faces charges for two counts of homicide by vehicle, Ala. Code § 32-5A-190.1, each of which carries sentences of one to 10 years in prison, Ala. Code § 13A-5-6, and $15,000 in fines, Ala. Code § 13A-5-11. *See* Ex. J, Criminal Compl. And he could face deportation.[7] *See* 8 U.S.C. 1227(a)(2). Such a defendant—one with no U.S. citizenship status, no discernible assets, and facing immediate deportation assets upon release—should be considered a nominal party for purposes of removal. *Cf. Maryland v. Exxon Mobil Corp.*, 352 F. Supp. 3d 435, 469–70 (D. Md. 2018), *as amended* (Nov. 21, 2018) (collecting cases).

*Finally*, Dmyterko has asserted Fifth Amendment concerns regarding his participation in civil discovery. So, in reality, Dmyterko **will effectively be absent in this case** because he will refuse to meaningfully participate in this case by invoking his Fifth Amendment privilege against self-incrimination because of his parallel criminal proceedings arising from the crash at the center of this suit. "The Fifth Amendment privilege against compulsory self-incrimination can be asserted in any proceeding, civil or

---

[7]    News outlets report that Dmyterko has "had his U.S. status revoked" and is "on an ICE hold in the Clarke County Jail." Natalie Williamson, *Community mourns the loss of two beloved people after car crash in Thomasville*, Fox 10 News, https://www.fox10tv.com/2025/05/09/community-mourns-loss-two-beloved-people-after-car-crash-thomasville/ (last visited Nov. 7, 2025).

criminal, administrative or judicial, investigatory or adjudicatory." *Richardson v. Churpeyes, Inc.*, 2005 WL 8158683, at *1 (S.D. Ala. Nov. 21, 2005). Indeed, Dmyterko already requested in the state court action that it "be stayed indefinitely" as to him because of his concern that answering civil discovery will "place into jeopardy and threaten [his] Fifth Amendment rights against self-incrimination under the United States Constitution, as well as under Section 6 of the Alabama Constitution, since [his] criminal prosecution arises from the same motor vehicle accident as the instant case." Ex. E, State Court Docket Materials at Doc. 12, ¶¶ 3, 4. These Fifth Amendment concerns—which arise from the parallel criminal proceedings—exist equally in state and federal court.

Additionally, every other defendant consents to removal. DTNA, MBUSA, Alfa, MBG, DTH, and 4US Corp. all consent to removal. These defendants collectively represent every party who will conduct discovery, file dispositive motions, and face financial exposure in this case. The only defendant who does not consent is Dmyterko—a joint tortfeasor whose absence would not preclude complete relief to Plaintiff.

For all these reasons, Dmyterko is a nominal defendant, so his consent to removal is not required. *See GMFS,* 275 F. Supp. 2d at 1353; *Thermoset*, 849 F.3d at 1317–18.

## VI.    Conclusion

Complete diversity exists and the amount in controversy exceeds $75,000. This Court has jurisdiction. Defendant Daimler Truck North America, LLC removes this action to the United States District Court for the Southern District of Alabama, Southern Division, reserves the right to supplement this Notice of Removal, and requests the opportunity to brief and argue the merits of this removal prior to any remand.

19

Dated: November 10, 2025.                    Respectfully submitted,


By:      */s/ Thomas E. Bazemore, III*
         Thomas E. Bazemore, III
         ASB No. 6231O56T
         tbazemore@huielaw.com
         Morgan Turner
         mturner@huielaw.com
         **HUIE FERNAMBUCQ & STEWART,
         LLP**
         3291 US Highway 280, Suite 200
         Birmingham, AL 35243
         Telephone: (205) 251-1193
         Fax: (205) 251-1256

         Amy Bice Larson (application for *pro hac
         vice* admission forthcoming)
         larson@bsplaw.com
         A. Lane Morrison
         ASB No. 0493A94H
         morrison@bsplaw.com
         **BUSH SEYFERTH PLLC**
         5810 Wilson Road, Suite 125
         Humble, TX 77396
         Phone: (281) 930-6850
         Fax: (281) 930-6850

         ***Attorneys for Defendant Daimler Truck
         North America, LLC***


20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2025, I electronically filed the foregoing with the

Clerk of Court using the Court's CM/ECF system and a copy of the foregoing was served upon

the following parties and/or counsel of record in this proceeding by electronic mail.

J. Jefferson Utsey
utseylaw@tds.com
**UTSEY & UTSEY**
112 S. Mulberry Avenue
Butler, Alabama 36904

and

David S. Cain
dsc@cunninghambounds.com
David G. Wirtes, Jr.
dgw@cunninghambounds.com
Margaret J. Utsey
mju@cunninghambounds.com
**CUNNINGHAM BOUNDS, LLC**
P.O. Box 66705
Mobile, Alabama 36660
*Attorneys for Plaintiff*


ChaLea Tisdale
chalea@equalizingjustice.com
**THE HERNANDEZ & ASSOCIATES LAW FIRM**
1856 Airport Boulevard
Mobile, Alabama 36606
Phone: 251-479-1477
Fax: 251-650-3843

and

Charles J. Potts
cpotts@pottslawyer.com
**CHARLES J. POTTS LLC**
P.O. Box. 1005
Mobile, Alabama 36633
Phone: 251-753-9725
*Attorneys for Defendant Andrii Dmyterko*

21

J. Chandler Bailey
cbailey@lightfootlaw.com
Haley A. Cox
hcox@lightfootlaw.com
Cassidy R. Keith
ckeith@lightfootlaw.com
**LIGHTFOOT, FRANKLIN & WHITE LLC**
400 20th Street North
Birmingham, AL 35203
Phone: 205-581-0700
Fax: 205-581-0799
*Attorneys for Defendant Mercedes-Benz USA, LLC; Mercedes-Benz Group AG; and Daimler Truck Holding AG*


Daniel T. Seawell
dseawell@hillhillcarter.com
**HILL, HILL, CARTER, FRANCO, COLE, & BLACK**
23210 US Highway 98, Suite D-4
Fairhope, AL 36532
Phone: 251-652-0223
Fax: 251-652-0224
*Attorneys for Defendant Alfa Mutual Insurance Company*


Michelle L. Hendrix
MHendrix@Florida-Law.com
**VERNIS & BOWLING OF SOUTHERN ALABAMA, LLC**
118 North Royal Street, Suite 404 Mobile, AL 36602
Phone: (251) 432-0337
Fax: (251) 432-0244
*Attorney for Defendant 4US Corp.*


*/s/ Thomas E. Bazemore, III*
Thomas E. Bazemore, III