# Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/10/2025
CT Log Number 550339487

## Service of Process Transmittal Summary

**TO:**  Courtney Trevisiol
Daimler Truck North America LLC
4555 N CHANNEL AVE, HQ637B-LGL
PORTLAND, OR 97217-7613

**RE:**  **Process Served in Alabama**

**FOR:**  Daimler Truck North America LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TIFFANY ANDREWS BECK, as Administratrix of THE ESTATE OF WOODIE EARL BECK, III, deceased // To: Daimler Truck North America LLC |
| **CASE #:** | 16CV202590011800 |
| **NATURE OF ACTION:** | Wrongful Death - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Montgomery, AL |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 10/10/2025 |
| **JURISDICTION SERVED:** | Alabama |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Courtney Trevisiol  courtney.trevisiol@daimlertruck.com |
| | Email Notification,  MARNI LAROSE  marni.larose@daimlertruck.com |
| | Email Notification,  Ann Wixted  ann.wixted@daimlertruck.com |
| | Email Notification,  KIM KLECKER  kimberly.klecker@daimlertruck.com |
| | Email Notification,  Scott Wheeler  scott.wheeler@daimlertruck.com |
| | Email Notification,  Ankita Chandan  ankita.chandan@daimlertruck.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 2 North Jackson Street |
| | Suite 605 |
| | Montgomery, AL 36104 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



quadient
FIRST-CLASS MAIL
IMI
$012.98 ᵖ
10/07/2025 ZIP 36604
043M31220152

US POSTAGE

Cunningham Bounds
PO Box 66705
Mobile AL 36660



USPS CERTIFIED MAIL

9214 8901 9403 8336 7339 57

DAIMLER TRUCK NORTH AMERICA LLC
C/O: CT CORPORATION SYSTEM
2 N JACKSON ST
STE 605
MONTGOMERY AL 36104-3821



AlaFile E-Notice

16-CV-2025-900118.00

To:  DAIMLER TRUCK NORTH AMERICA, LLC
     C/O CT CORPORATION SYSTEM
     2 N JACKSON ST, STE 605
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TIFFANY A. BECK, AS ADMINSTRATRIX OF THE ESTATE OF WOODIE EARL BECK, I
16-CV-2025-900118.00

The following complaint was FILED on 10/6/2025 5:23:00 PM

Notice Date:    10/6/2025 5:23:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 18

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2025-900118.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA COUNTY, ALABAMA**
**TIFFANY A. BECK, AS ADMINSTRATRIX OF THE ESTATE OF WOODIE EARL BECK, I**

**NOTICE TO:** DAIMLER TRUCK NORTH AMERICA, LLC, C/O CT CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID S CAIN JR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: POST OFFICE BOX 66705, MOBILE, AL 36660

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of

OF WOODIE EARL BECK, III, DECEASED TIFFANY A. BECK

pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 10/06/2025 | /s/ SUMMER SCRUGGS PADGETT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ DAVID S CAIN JR.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

DOCUMENT 16

ELECTRONICALLY FILED
10/6/2025 5:22 PM
16-CV-2025-900118.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TIFFANY ANDREWS BECK, as Administratrix of THE ESTATE OF WOODIE EARL BECK, III, deceased** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| | * | |
| **v.** | * | **16-CV-2025-900118** |
| | * | |
| **ANDRII DMYTERKO,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

---

## FIRST AMENDED COMPLAINT

---

Plaintiff respectfully amends her complaint in this action to conform to the facts and evidence, such that the Complaint shall read in its entirety as follows:

| | | |
|---|---|---|
| **TIFFANY ANDREWS BECK, as Administratrix of THE ESTATE OF WOODIE EARL BECK, III, deceased** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| | * | |
| **v.** | * | **16-CV-2025-900118** |
| | * | |
| **4US CORP; MERCEDES-BENZ USA, LLC; MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG; DAIMLER TRUCK NORTH AMERICA, LLC f/k/a DAIMLER TRUCKS NORTH AMERICA LLC, f/k/a FREIGHTLINER LLC; DAIMLER TRUCK HOLDING AG; ALFA MUTUAL INSURANCE COMPANY; ANDRII DMYTERKO; 1-20,** whether singular or plural, the person, firm, corporation or other entity, other than those described above, who operated the motor vehicle that struck Plaintiff's vehicle at the time of the incident made the | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

basis of this action; **21-40,** whether singular or      *
plural, the person, firm, corporation or other      *
entity, other than those described above, who      *
owned and/or controlled the motor vehicle      *
being operated by Andrii Dmyterko or 1-20 at      *
the time of the incident made the basis of this      *
action; **41-60,** whether singular or plural, the      *
person, firm, corporation or other entity, other      *
than those described above, who negligently      *
and/or wantonly entrusted the motor vehicle      *
involved in the incident made the basis of this      *
suit to Andrii Dmyterko and/or 1-20; **61-80,**      *
whether singular or plural, the person, firm,      *
corporation or other entity, other than those      *
described above,  that employed, retained,      *
trained, monitored, hired, recruited, and/or      *
supervised Andrii Dmyterko and/or 1-20 at the      *
time of the incident made the basis of this      *
action; **81-100,** whether singular or plural, the      *
person, firm, corporation or other entity, other      *
than those described above, whose      *
negligence, wantonness, or other wrongful      *
conduct contributed to cause the death of the      *
Plaintiff's husband; **101-120,** whether singular      *
or plural, the persons, firms or corporations,      *
other than those described above, who      *
designed, manufactured, marketed, sold,      *
supplied, distributed, retailed, assembled, built      *
or otherwise made available the 18-wheel      *
tractor/trailer and their component parts      *
involved in the incident made the basis of this      *
action; **121-140,** whether singular or plural, the      *
persons, firms or corporations, other than those      *
described above,  responsible for operation,      *
control and/or selection of 18-wheel      *
tractor/trailer and their component parts      *
involved in the occurrence made the basis of      *
this action; **141-160,** whether singular or plural,      *
the persons, firms or corporations, other than      *
those described above, responsible for      *
designing, manufacturing, marketing, selling,      *
supplying, distributing, informing, educating,      *
retailing, warning adequately about or      *
otherwise making available as safe the 18-      *
wheel tractor/trailer for foreseeable uses on      *
Alabama's roadways; **161-180,**  whether      *
singular or plural, the persons, firms or      *

2

| | |
|---|---|
| corporations, other than those described above, responsible for and who did in fact assist or contribute in any way to the tortious conduct made the basis of this suit; all of whose true names and legal identities are otherwise unknown to the Plaintiff but who will be added by amendment when ascertained, separately and severally, **181-200,** whether singular or plural, the insurance company, firm, corporation, or other entity, who issued an insurance policy to Plaintiff, Plaintiff's decedent, or any other party, and/or who is otherwise liable under Alabama law for coverage of the incident made the basis of this action, whose true name and legal identity is otherwise unknown to Plaintiff but who will be substituted by amendment when ascertained. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, TIFFANY ANDREWS BECK, as Administratrix of the ESTATE of WOODIE EARL BECK, III, deceased, by and through the undersigned counsel, and files the following Complaint against the Defendants, 4US CORP; MERCEDES-BENZ USA, LLC; MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG; DAIMLER TRUCK NORTH AMERICA, LLC f/k/a DAIMLER TRUCKS NORTH AMERICA LLC, f/k/a FREIGHTLINER LLC; DAIMLER TRUCK HOLDING AG; ALFA MUTUAL INSURANCE COMPANY; ANDRII DMYTERKO and fictitious defendants 1-200, separately and severally, as follows:

### PARTIES, JURISDICTION & VENUE

1.    Plaintiff, Tiffany Andrews Beck, is over the age of nineteen (19) and is a resident citizen of Camden in Wilcox County, Alabama.

3

2.      On or about May 6, 2025, Woodie Earl Beck, III, died intestate in Clarke County, Alabama, survived by his spouse, Tiffany Andrews Beck.

3.      Plaintiff, Tiffany Andrews Beck, brings this case for the wrongful death of her spouse, Woodie Earl Beck, III.

4.      Tiffany Andrews Beck is the duly appointed Administratrix of the Estate of Woodie Earl Beck, III, by virtue of the Order of Letters of Administration issued by the Probate Court of Wilcox County, Alabama, on May 19, 2025.

5.      Defendant 4US CORP is a corporation organized and existing under the laws of Illinois and was conducting business in Clarke County in the state of Alabama at the time of the incident made the basis of Plaintiff's claims. 4US CORP operates as a motor carrier, transporting non-hazardous general freight in interstate commerce. At all relevant times, 4US CORP conducted operations, including trucking, dispatching, routing, and managing drivers, throughout the United States, including in Clarke County, Alabama.

6.      Defendant, MERCEDES-BENZ USA, LLC ("MBUSA"), which developed, designed, manufactured, and tested the 2019 Freightliner Cascadia truck, is a Delaware corporation with its principal place of business located in Sandy Springs, Georgia. MBUSA regularly conducts business in Alabama, is registered to do business in the state, and is engaged in the business of designing, manufacturing, and selling vehicles in Alabama. MBUSA is owned by and/or is a division of Defendant Mercedes-Benz Group AG f/k/a Daimler AG. MBUSA acts for and is under the control of Mercedes-Benz Group AG f/k/a Daimler AG in connection with the designing, manufacturing, and selling vehicles in the United States, including Alabama. MBUSA's registered agent for service of process

4

in Alabama is 2 North Jackson Street, Suite 605, Montgomery, AL 36104. This defendant is engaged in and doing business throughout the United States, including Clarke County and the state of Alabama, where it sells vehicles and supports multiple dealerships and customers.

7.    Defendant, MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG; ("Mercedes/Daimler"), which developed, designed, manufactured, and tested the 2019 Freightliner Cascadia truck, is a German corporation. In 2022, Daimler AG changed its corporate name to Mercedes-Benz Group AG.  Prior to this name change, Daimler AG owned and controlled both its passenger vehicle and global truck divisions. In December 2021, Daimler AG spun off the truck division into a newly formed, publicly traded company known as Daimler Truck Holding AG, which became the parent company of Daimler Truck North America, LLC—the manufacturer of the 2019 Freightliner Cascadia truck at issue in this case.  Mercedes-Benz Group AG is engaged in and doing business throughout the United States, including Clarke County and the state of Alabama, where it sells vehicles and provides support to dealerships and customers. Service upon Mercedes/Daimler will be made in accordance with the Hague Convention through the German Central Authority, which will effect service at Mercedes/ Daimler's registered office.

8.    Defendant, DAIMLER TRUCK NORTH AMERICA, LLC f/k/a DAIMLER TRUCKS NORTH AMERICA LLC, f/k/a FREIGHTLINER LLC; ("DTNA"), which developed, designed, manufactured, and tested the 2019 Freightliner Cascadia Truck, is a limited liability company headquartered in Portland, Oregon, and engaged in and doing business in and throughout the United States, including the state of Alabama. DTNA was formerly known as Daimler Trucks North America LLC, and is the successor in interest to

5

Freightliner LLC.  DTNA is a subsidiary or "segment" of Daimler Truck Holding AG (DTH), one of the world's leading commercial vehicle manufacturers. This defendant is engaged in and doing business throughout the United States, including Clarke County and the state of Alabama, where it sells vehicles and supports multiple dealerships and customers. Defendant, DTNA, may be served with process through its registered agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

9.      Defendant, DAIMLER TRUCK HOLDING AG ("DTH"), is a German corporation headquartered in Germany, and is the parent company of DTNA. Created in or about 2021 following the spin-off of the truck and bus division from Daimler AG, DTH exercises control over and/or approval authority for the design, engineering, testing, warnings, software, quality systems, recalls, and service campaigns governing Daimler commercial vehicles sold around the world, including the United States and Alabama. Acting directly and through DTNA and authorized dealers, DTH places vehicles into the U.S. stream of commerce with the expectation and intent that they will be sold, distributed, and used in Alabama, including Clarke County, and derives substantial revenue therefrom. Service upon DTH will be made in accordance with the Hague Convention through the German Central Authority, which will effect service at DTH's registered office.

10.     Defendant ALFA MUTUAL INSURANCE COMPANY ("ALFA") is a corporation organized and existing under the laws of the state of Alabama, with its principal place of business in Montgomery County, Alabama, and is authorized to conduct business in the state of Alabama, including Clarke County.

11.     Defendant, ANDRII DMYTERKO is over the age of nineteen (19) and is a foreign national in the United States on a work visa, who currently resides in the Clarke

County Jail awaiting trial and has been served at the Clarke County Detention Center/Jail, 149 Clark Street, Grove Hill, AL 36451.

12.    Fictitious parties 1-20, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained whether singular or plural, the person, firm, corporation or other entity who operated the motor vehicle that struck Plaintiff's vehicle at the time of the incident made the basis of this action.

13.    Fictitious parties 21-40, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained whether singular or plural, the person, firm, corporation or other entity who owned and/or controlled the motor vehicle being operated by Andrii Dmyterko and/or 1-20 at the time of the incident made the basis of this action.

14.    Fictitious parties 41-60, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained whether singular or plural, the person, firm, corporation or other entity who negligently and/or wantonly entrusted the motor vehicle involved in the incident made the basis of this suit to Andrii Dmyterko and/or 1-20.

15.    Fictitious parties 61-80, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained whether singular or plural, the person, firm, corporation or other entity that employed, retained, trained, monitored, hired, recruited, and/or supervised Andrii Dmyterko and/or 1-20 at the time of the incident made the basis of this action.

16.     Fictitious parties 81-100, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained, whether singular or plural, the person, firm, corporation or other entity, other than described above, whose negligence, wantonness, or other wrongful conduct contributed to cause the death of the Plaintiff's husband.

17.     Fictitious parties 101-120, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained, whether singular or plural, the persons, firms or corporations who designed, manufactured, marketed, sold, supplied, distributed, retailed or otherwise made available the Cascadia and their component parts involved in the incident made the basis of this action.

18.     Fictitious parties 121-140, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained, whether singular or plural, the persons, firms or corporations responsible for operation, control and/or selection of Cascadia and their component parts involved in the occurrence made the basis of this action.

19.     Fictitious parties 141-160, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained, whether singular or plural, the persons, firms or corporations responsible for designing, manufacturing, marketing, selling, supplying, distributing, retailing, warning adequately about or otherwise making available as safe the Cascadia for foreseeable uses on Alabama's roadways.

8

20.     Fictitious parties 161-180, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained, whether singular or plural, the persons, firms, or corporations responsible for and who did in fact assist or contribute in any way to the tortious conduct made the basis of this suit.

21.     Fictitious parties 181-200, all of whose true names and legal identities are otherwise unknown to the Plaintiff, but who will be added by amendment when ascertained whether singular or plural, the insurance company, firm, corporation, or other entity, who issued an insurance policy to Plaintiff, Plaintiff's decedent, or any other party, and/or who is otherwise liable under Alabama law for coverage of the incident made the basis of this action, whose true name and legal identity is otherwise unknown to Plaintiff but who will be substituted by amendment when ascertained.

22.     This Court has personal jurisdiction over Mercedes-Benz USA, LLC; Mercedes-Benz Group AG f/k/a Daimler AG; Daimler Truck North America, LLC f/ka Daimler Trucks North America LLC, f/k/a Freightliner LLC, and DAIMLER TRUCK HOLDING AG because, at all relevant times:

a.  These Defendants were transacting business in Alabama;

b.  These Defendants regularly do or solicit business, engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Alabama.

c.  These Defendants contracted to supply services or things in Alabama; and

d.  These Defendants market directly to consumers, including in Alabama, that they can access licensed Mercedes/DTNA/Freightliner dealers, where they can service, maintain, and otherwise purchase trucks and trucking materials, supplies, and services for vehicles, including the subject truck, at the following Alabama locations, among others:

9

   i. Mercedes- Benz of Tuscaloosa
    3200 Skyland Blvd. E
    Tuscaloosa, AL 35405

  ii. Mercedes- Benz of Mobile
    3060 Dauphin Street
    Mobile, AL 36606

 iii. Mercedes- Benz of Dothan
    2309 Ross Clark Circle.
    Dothan, AL 36301

 iv. Mercedes-Benz of Huntsville
    6520 University, Dr.
    Huntsville, Al 35806

  v. Jack Ingram Mercedes- Benz
    217 Eastern Blvd
    Montgomery, AL 36117

 vi. Mercedes- Benz of Birmingham
    750 Mercedes Way
    Irondale, AL 35210

 vii. Mercedes- Benz U.S. International, Inc., Tuscaloosa, AL.
    1 Mercedes Drive
    Vance, AL 35490

viii. Alabama Freightliner, LLC
    5404 Reese Phifer Ave.
    Tuscaloosa, AL 35405

 ix. Birmingham Freightliner, LLC
    401 Daniel Payne Drive
    Birmingham, AL 35214

  x. Empire Truck Sales LLC (Mobile)
    2485 West I-65 Service Road North
    Mobile, AL 36612

 xi. Four Star Freightliner of Dothan
    1507 Reeves Street
    Dothan, AL 36303

 xii. Four Star Freightliner of Georgiana
    200 Industrial Park Dr.

DOCUMENT 16

Georgiana, AL 36033

xiii. Four Star Freightliner of Montgomery
3140 Haynesville Road
Montgomery, AL 36108

xiv. Four Star Freightliner of Valley
1051 Four Star Drive
Valley, AL 36854

xv. Love's Truck Care
1127 Tyson Road
Hope Hull, AL 36043

xvi. Love's Truck Care
300 Arby Drive
Clanton, AL 35046

xvii. Love's Truck Care
16101 Highway 84
Evergreen, AL 36401

xviii. Love's Truck Care
2625 Kelly Creek Rd. S.
Moody, AL 35004

xix. Love's Truck Care
3771 S. US Highway 231
Ozark, AL 36360

xx. Love's Truck Care
905 Steele Station Road
Steele, AL 35987

xxi. Love's Truck Care
2048 Highway 20
Tuscumbia, AL 35674

xxii. Love's Truck Care
126 E. Flying K Road
Loxley, AL 36551

xxiii. Love's Truck Care
7561 Mesopotamia Street
Eutaw, AL 35462

11

xxiv.  Love's Truck Care
8400 County Farm Road
Irvington, AL 36544

xxv.  Love's Truck Care
431 Main Street
Shorter, AL 36075

xxvi.  Love's Truck Care
2600 W I-65 Service Road N.
Mobile, AL 36612

xxvii.  Love's Truck Care
83 Carl Cannon Blvd.
Jasper, AL 35501

xxviii.  Love's Truck Care
64 E. Pike Road
Falkville, AL 35622

xxix.  Love's Truck Care
1126 County Hwy 35
Hamilton, AL 35570

xxx.  Love's Truck Care
22183 Highway 216
McCalla, AL 35111

xxxi.  Love's Truck Care
6647 Highway 46
Heflin, AL 36264

xxxii.  Speedco
3120 Buttermilk Road
Cottondale, AL 35453

xxxiii.  Velocity Truck Centers
15151 SW Alabama 20
Madison, AL 356756

23.    Defendant DTNA represents and advertises that, "At Freightliner, we're

focused on your uptime, with hundreds of meticulously prepared service centers across

North America, staffed by trained experts in both vehicle and customer service. When

12

you, choose Freightliner, you are getting access to over 700 total service locations and the reliability of our dedicated support staff." *See,* https://www.freightliner.com/.

24.    "Freightliner Trucks is a division of Daimler Truck North America LLC, a Daimler company." *See, Id.*

25.    Defendants MBUSA, Mercedes/Daimler, DTNA, DTH and/or fictitious defendants 81-180;

      i. Are and have been engaged in the business of manufacturing, marketing, promoting, advertising, and selling automobiles and other products in the state of Alabama, throughout the United States, and elsewhere;

      ii. Systematically and continuously launch its products into the stream of commerce with the intention that those products get sold in Alabama;

      iii. Regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods or consumed in Alabama and services provided in Alabama;

      iv. Designed, manufactured, and distributed 2019 Freightliner Cascadia's identical to the vehicle made the basis of this suit to consumers in the state of Alabama, and as such, contemplated being a party to a lawsuit, either as a plaintiff or defendant in the state of Alabama judicial system;

      v. Created a distribution network into the state of Alabama, whereby, they have shipped numerous products;

      vi. Designed the subject 2019 Freightliner Cascadia and shipped these vehicles into Alabama;

      vii. Determine whether its products are defective and aids in the communication of such defects to Alabama dealers and consumers;

      viii. Gather data about product performance in Alabama, and elsewhere, and use that data to redesign its products.

26.    Maintaining suit against Defendants 4USCORP, MBUSA, Mercedes/Daimler, DTNA, DTH, ALFA, Andrii Dmyterko, and/or fictitious defendants 1-

13

200 in Alabama does not offend traditional notions of fair play and substantial justice, and Defendants 4USCORP, MBUSA, Mercedes/Daimler, DTNA, DTH, ALFA, and/or fictitious defendants 1-200 should reasonably anticipate being hauled into court here, because Defendants and/or fictitious defendants 1-200 have the requisite minimum contacts with Alabama as described herein.

## GENERAL ALLEGATIONS

27.    On May 6, 2025, at approximately 11:51 A.M., Defendant Andrii Dmyterko and/or fictitious defendants 1-20, operating a 2019 Freightliner Cascadia, VIN #1FUJHHDR8KLJW9164, collided with stopped traffic at a controlled intersection on Highway 43 in Clarke County, Alabama.

28.    Plaintiff's Decedent, Woodie Earl Beck, III, suffered catastrophic injuries and died as a result of the crash.

29.    Decedent, Woodie Earl Beck, III, was issued a policy of insurance (Policy No. 19001111817) by ALFA that contained provisions for Uninsured Motorist coverage (UM) or Underinsured Motorist coverage (UIM), which was in full force and effect on the date of the above-referenced crash, and at all other material times herein.

30.    The 2019 Freightliner Cascadia was owned, operated, and dispatched by Defendant 4US CORP and/or fictitious defendants 21-80.

31.    At the time of the collision, Mr. Dmyterko and/or fictitious defendants 1-20 were operating the subject 2019 Freightliner Cascadia in the line and scope of their employment with 4USCorp and/or fictitious defendants 21-80.

32.    Defendants 4US CORP and/or fictitious defendants 21-80, at all times mentioned herein, were the employer(s) of Defendant, Andrii Dmyterko, and were

14

responsible for choosing the subject 2019 Freightliner Cascadia for the subject trip and for allowing Mr. Dmyterko and/or fictitious defendants 1-20 to operate it.

33.    Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, at all times mentioned herein, were engaged in the business of designing, manufacturing, testing, building, assembling, marketing, and distributing the subject 2019 Freightliner Cascadia.

34.    Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, at all times mentioned herein, designed, manufactured, tested, built, assembled, marketed, distributed, and placed into the stream of commerce the subject 2019 Freightliner Cascadia involved in the above-described accident.

35.    Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, at all times mentioned herein, designed, developed, and supplied the defective Crash Avoidance Technology ("CAT"), installed in the 2019 Freightliner Cascadia in a manner and condition so as to render it defective and unsafe for its intended use.

36.    The subject 2019 Freightliner Cascadia was not equipped with properly functioning and available collision-avoidance technology that would have prevented or mitigated this crash.

37.    The subject 2019 Freightliner Cascadia was sold and placed into service without proper, available collision-avoidance technology that would have prevented or mitigated this crash.

38.    Because the subject 2019 Freightliner Cascadia was not equipped with properly functioning and effective collision avoidance technology, it failed to provide timely warnings and braking, thereby causing a collision at increased crash severity.

39.    At the time the subject 2019 Freightliner Cascadia was designed, manufactured, marketed, distributed, and placed into the stream of commerce, Defendants MBUSA, Mercedes/Daimler, DTNA, DTH and/or fictitious defendants 81-180 had developed and had ready access to feasible, production-available collision-avoidance technologies including but not limited to forward-collision warning, adaptive cruise control, and automatic emergency braking that were practical for this make/model/year and would have warned of an impending collision, reduced closing speed, stopping distance, prevented the collision and impact forces involved; nevertheless, Defendants sold the subject vehicle without these reasonable properly functioning and effective safety components.

40.    Since at least 2015, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 have designed, manufactured, and sold tractors with safety systems capable of detecting obstacles, including moving and stopped vehicles, in a truck's path, designed to mitigate against, reduce the severity of, and avoid collisions with other vehicles on the roadway.

41.    Since at least 2015, Defendants MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 have designed, manufactured, and sold tractors with safety systems capable of providing a driver with an audible alarm and a visual warning if a driver got too close to another vehicle, designed to mitigate against, reduce the severity of, and potentially avoid collisions with other vehicles on the roadway.

42.     Since at least 2015, Defendants MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 have designed, manufactured, and sold tractors with safety systems capable of applying braking to stop a truck, designed to mitigate against, reduce the severity of, and avoid collisions with other vehicles on the roadway.

43.     Since at least 2015, Defendants MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 have designed, manufactured, and sold tractors with safety systems capable of interacting with and implementing braking systems, to mitigate against, reduce the severity of, and avoid collisions with other vehicles on the roadway.

44.     In 2016, Defendants MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 had properly functioning and effective camera and radar-based technology to help provide an audible alarm with a visual warning if a driver got too close to another vehicle, followed by partial braking, and finally full active braking, where the system slows a truck using the transmission, engine brake, and service brakes, designed to mitigate against, reduce the severity of, and avoid collisions with other vehicles on the roadway.

45.     The omission of a properly functioning and designed Detroit Assurance or a similar collision mitigation safety system on the subject 2019 Freightliner Cascadia Truck, which killed Woodie Earl Beck, III, rendered it unreasonably dangerous.

46.     Collision Avoidance Technology is meant to prevent and mitigate rear-end crashes between power units equipped with CAT systems and other vehicles on the road that are stopped or slowing.

47.     CAT technology is meant to intervene when the operator of a power unit fails to appreciate an impending collision with a stopped or slowing vehicle for any

17

reason. In the trucking industry, it is foreseeable that a commercial driver be prevented from appreciating an impending collision for several reasons, including, but not limited to, distraction, impaired visibility, weather conditions, or environmental conditions. Safety testing has revealed that properly working CAT systems eliminate most of these types of crashes and mitigate the severity of others.

48.     Despite knowing that the subject vehicle was defectively and unreasonably dangerous in design, Defendants MBSU, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, nevertheless continued to design, manufacture, assemble, and test the vehicle and its component systems, and to market and sell it to the public for use on public roadways and highways in a manner that was both intended and reasonably foreseeable.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE – 4US CORP & ANDRII DMYTERKO)

Plaintiff Tiffany Andrews Beck, the Administratrix of the Estate of Woodie Earl Beck, III, deceased, alleges against Defendants 4US CORP, their driver, ANDRII DMYTERKO, fictitious defendants 1-180, as follows:

49.     Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

50.     On or about May 6, 2025, Defendant Andrii Dmyterko, driving for 4US Corp and operating the subject 2019 Freightliner Cascadia, negligently collided with lawfully stopped traffic southbound on Highway 13 in Thomasville, Alabama, at the intersection of South Industrial Park Road.  At the time of the collision, Mr. Dmyterko, and/or fictitious defendants 1-20, were operating the subject 2019 Freightliner Cascadia owned and/or controlled by Defendants 4US CORP and/or fictitious defendants 21-180.

18

DOCUMENT 16

51.    Defendant Andrii Dmyterko, and/or Fictitious Defendants 1–20, were operating the subject 2019 Freightliner Cascadia in an unsafe, dangerous, inattentive, negligent, and distracted manner, thereby causing the multi-vehicle collision.

52.    At all times relevant hereto, the subject 2019 Freightliner Cascadia and its component parts were negligently inspected, serviced, maintained, and/or repaired by the Defendant 4US CORP, and/or fictitious defendants 21-180.

53.    Defendants 4US CORP, and/or fictitious defendants 21-80, negligently employed, retained, trained, monitored, and/or supervised Defendant Andrii Dmyterko, and/or fictitious defendants 1-20, thereby contributing to the unsafe operation of the subject vehicle and the resulting fatal collision in one or more of the following respects:

a)    Negligently employing and/or retaining said Defendant as an operator of the subject 2019 Freightliner Cascadia owned and/or controlled by 4US CORP, fictitious defendants 21-100 and fictitious defendants 161-180;

b)    Negligently failing to educate, train, instruct, monitor and/or supervise said Defendant;

c)    Negligently failing to determine whether said Defendant was properly qualified to operate the subject 2019 Freightliner Cascadia owned and/or controlled by 4US CORP, fictitious defendants 21-100 and fictitious defendants 161-180;

d)    Negligently allowing an unqualified and/or incompetent driver to operate the subject 2019 Freightliner Cascadia owned and/or controlled by 4US CORP, fictitious defendants 21-100 and fictitious defendants 161-180;

e)    Negligently failing to provide adequate safety instruction (including, but not limited to, defensive driving instruction) to operators of Cascadia's owned and/or controlled by 4US CORP., fictitious defendants 21-100 and fictitious defendants 161-180; and

f)    Negligently allowing said Defendant to operate the subject 2019 Freightliner Cascadia owned and/or controlled by 4US

19

CORP, fictitious defendants 21-80, and fictitious defendants 161-180.

54.    The aforesaid acts and/or omissions of Defendants 4US CORP, their driver, ANDRII DMYTERKO, and/or fictitious defendants 1-180, were negligent and proximately resulted in the wrongful death of the Plaintiff's husband, Woodie Earl Beck, III.

55.    Pursuant to Ala. Code § 6-5-410, Plaintiff, as the duly appointed Personal Representative of the Estate of Woodie Earl Beck, III, claims damages for his wrongful death.

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against 4US CORP, their driver, Andrii Dmyterko, and fictitious defendants 1-180, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

### SECOND CAUSE OF ACTION
### (WANTONESS – 4US CORP & ANDRII DMYTERKO)

Plaintiff Tiffany Andrews Beck, the Administratrix of the Estate of Woodie Earl Beck, III, deceased, alleges against Defendants 4US CORP, their driver, ANDRII DMYTERKO, and fictitious defendants 1-180, as follows:

56.    Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

57.    On or about May 6, 2025, Defendant Andrii Dmyterko, driving for 4US Corp and operating the subject 2019 Freightliner Cascadia, wantonly collided with lawfully stopped traffic southbound on Highway 13 in Thomasville, Alabama, at the intersection of South Industrial Park Road.  At the time of the collision, Mr. Dmyterko, and/or fictitious

defendants 1-20, were operating the subject 2019 Freightliner Cascadia owned and/or controlled by Defendants 4US CORP and/or fictitious defendants 21-180.

58.    Defendant Andrii Dmyterko, and/or Fictitious Defendants 1–20, were operating the subject 2019 Freightliner Cascadia in an unsafe, dangerous, inattentive, wanton, and distracted manner, thereby causing the multi-vehicle collision.

59.    At all times relevant hereto, the subject 2019 Freightliner Cascadia and its component parts were wantonly inspected, serviced, maintained, and/or repaired by the Defendant 4US CORP, and/or fictitious defendants 21-180.

60.    Defendants 4US CORP, and/or fictitious defendants 21-80, wantonly employed, retained, trained, monitored, and/or supervised Defendant Andrii Dmyterko, and/or fictitious defendants 1-20, thereby contributing to the unsafe operation of the subject 2019 Freightliner Cascadia Truck and the resulting fatal collision in one or more of the following respects:

g)    Wantonly employing and/or retaining said Defendant as an operator of the subject 2019 Freightliner Cascadia truck owned and/or controlled by 4US CORP, fictitious defendants 21-100, and fictitious defendants 161-180;

h)    Wantonly failing to educate, train, instruct, monitor, and/or supervise said Defendant;

i)    Wantonly failing to determine whether said Defendant was properly qualified to operate the subject 2019 Freightliner Cascadia truck owned and/or controlled by 4US CORP, fictitious defendants 21-100, and fictitious defendants 161-180.

j)    Wantonly allowing an unqualified and/or incompetent driver to operate the subject 2019 Freightliner Cascadia truck owned and/or controlled by 4US CORP, fictitious defendants 21-100, and fictitious defendants 161-180.

      k)      Wantonly failing to provide adequate safety instruction (including, but not limited to, defensive driving instruction) to operators of Cascadia's owned and/or controlled by 4US CORP., fictitious defendants 21-100 and fictitious defendants 161-180; and

      l)      Wantonly allowing said Defendant to operate the subject 2019 Freightliner Cascadia truck owned and/or controlled by 4US CORP, fictitious defendants 21-80, and fictitious defendants 161-180.

61.     The aforesaid acts and/or omissions of Defendants 4US CORP, their driver, ANDRII DMYTERKO, and/or fictitious defendants 1-180, were wanton and proximately resulted in the wrongful death of the Plaintiff's husband, Woodie Earl Beck, III.

62.     Pursuant to Ala. Code § 6-5-410, Plaintiff, as the duly appointed Personal Representative of the Estate of Woodie Earl Beck, III, claims damages for his wrongful death.

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against 4US CORP, their driver, Andrii Dmyterko, and fictitious defendants 1-180, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

### THIRD CAUSE OF ACTION
### (NEGLIGENT ENTRUSTMENT – 4US CORP)

Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, alleges against Defendants 4US CORP, fictitious defendants 21-100, and fictitious defendants 161-180, as follows:

63.     Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

64.     Plaintiff avers that at the times and places set forth above, Defendants 4US CORP, fictitious defendants 21-100 and fictitious defendants 161-180, negligently entrusted said 2019 Freightliner Cascadia ruck to Defendant, Andrii Dmyterko, and/or fictitious defendants 1-20, and the wrongful death of Woodie Earl Beck, III was the proximate result of the negligence of said Defendants.

65.     Pursuant to Ala. Code § 6-5-410, Plaintiff, as the duly appointed Personal Representative of the Estate of Woodie Earl Beck, III, claims damages for his wrongful death.

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against Defendants 4US CORP, and/or fictitious defendants 21-100 and fictitious defendants 161-180, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

### FOURTH CAUSE OF ACTION
### (WANTON ENTRUSTMENT – 4US CORP)

Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, alleges against Defendants 4US CORP, fictitious defendants 21-100, and fictitious defendants 161-180, as follows:

66.     Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

67.     Plaintiff avers that at the times and places set forth above, Defendants 4US CORP, fictitious defendants 21-100 and fictitious defendants 161-180, wantonly entrusted said 2019 Freightliner Cascadia truck to Defendant, Andrii Dmyterko, and/or

23

fictitious defendants 1-20, and the wrongful death of Woodie Earl Beck, III was the proximate result of the negligence of said Defendants.

68.    Pursuant to Ala. Code § 6-5-410, Plaintiff, as the duly appointed Personal Representative of the Estate of Woodie Earl Beck, III, claims damages for his wrongful death.

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against Defendants 4US CORP, and/or fictitious defendants 21-100 and fictitious defendants 161-180, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

### FIFTH CAUSE OF ACTION
### (NEGLIGENCE – MBUSA, MERCEDES/DAIMLER, DTNA, DTH)

The Plaintiff, Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, alleges against Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, as follows:

69.    Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

70.    Defendants MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 were engaged in the business of designing, manufacturing, building, assembling, marketing, distributing, inspecting, and selling the subject 2019 Freightliner Cascadia truck.

71.    Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, negligently manufactured, assembled, built, inspected, distributed, and sold the subject 2019 Freightliner Cascadia truck involved in this action.

24

72.     On or about May 6, 2025, the subject 2019 Freightliner Cascadia and its component parts were being used for the purposes for which they were intended and, in a manner, reasonably foreseeable by Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180.

73.     Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 negligently designed, manufactured, built, assembled, marketed, inspected, distributed, and sold the subject 2019 Freightliner Cascadia truck in a manner and condition so as to render the subject vehicle defective and unsafe for its intended use.

74.     Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 knew or should have known that the 2019 Freightliner Cascadia would be used to transport drivers, passengers, and cargo and would reach the ultimate users or consumers in the condition that it was in at the time of the accident.

75.     The subject 2019 Freightliner Cascadia truck was defective when it left the possession of Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, and was expected to and did reach Defendants, 4US CORP, and fictitious defendants 21-100, without substantial change in its condition.

76.     The subject truck was not of merchantable quality, was unreasonably dangerous and defective, and was unfit and unsafe for the ordinary purposes for which it was intended and used. Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180:

        a.  Negligently failed to include a proper, adequate, and functioning safety system that could provide an audible alarm with a visual warning if a driver got too close to another vehicle, followed by partial braking, and finally full

active braking, where the system slows a truck using the transmission, engine brake, and service brakes.

b. Negligently failed to include a proper, adequate, and functioning safety system that could provide an audible alarm with a visual warning if a driver got too close to another vehicle, followed by partial braking, and finally full active braking, where the system slows a truck using the transmission, engine brake, and service brakes.

c. Possessed Detroit Assurance safety systems, which were capable of warning the defendant, driver, Andrii Dmyterko, and/or fictitious defendants 1-20, of the impending collision with the multiple vehicles stopped at the red traffic light, yet negligently failed to design, manufacture, or sell the subject truck with functioning safety systems.

d. Negligently failed to design, manufacture, and sell the subject truck without adequate and proper safety systems designed to mitigate against, reduce the severity of, and avoid collisions with other vehicles on the roadway.

e. Negligently failed to warn the driver, Defendant Andrii Dmyterko, and/or fictitious defendants 1-20, via the Detroit Assurance or a similar safety system, of the impending collision with the multiple vehicles stopped at the red traffic signal, including the Plaintiff's Decedent.

f. Negligently failed to warn the public that its 2019 model year heavy trucks, like the subject truck, were not installed with properly functioning Detroit Assurance or a similar safety system designed to mitigate against, reduce the severity of, and potentially avoid collisions with other vehicles on the roadway.

g. Negligently failed to track faults, warn, and recall products whose CAT was not operating properly and effectively to prevent collisions.

h. Negligently failed to warn potential customers and purchasers of Freightliner trucks of the failures of the Detroit Assurance system.

i. Negligently failed to recall or remedy the defective CAT system.

j. In the absence of properly functioning safety systems, the subject truck was unreasonably dangerous for its foreseeable and intended uses and other road users.

77.    Defendants MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 had a duty, at the time of the design, manufacture, sale, and marketing

of the subject 2019 Freightliner Cascadia truck in question, to design, manufacture, market, sell, supply, distribute, assemble and/or retail it in a responsible and safe manner so as not to cause injury to members of the general public, such as the Plaintiff's husband.

78.    The defective condition of the subject truck was the proximate cause, or a proximately contributing cause, of Woodie Earl Beck, III's catastrophic injuries and death.

79.    Pursuant to Ala. Code § 6-5-410, Plaintiff, as the duly appointed Personal Representative of the Estate of Woodie Earl Beck, III, claims damages for his wrongful death.

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## SIXTH CAUSE OF ACTION
### (WANTONNESS – MBUSA, MERCEDES/DAIMLER, DTNA, DTH)

The Plaintiff, Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, alleges against Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, as follows:

80.    Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

81.    Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 were engaged in the business of designing, manufacturing, building, assembling, marketing, distributing, inspecting, and selling the subject 2019 Freightliner Cascadia truck. Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious

27

defendants 81-180, wantonly manufactured, assembled, built, inspected, distributed, and sold the subject 2019 Freightliner Cascadia truck involved in this action.

82.    On or about May 6, 2025, the subject 2019 Freightliner Cascadia and its component parts were being used for the purposes for which they were intended and, in a manner, reasonably foreseeable by Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180.

83.    Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 wantonly designed, manufactured, built, assembled, marketed, inspected, distributed, and sold the subject 2019 Freightliner Cascadia truck in a manner and condition so as to render the subject vehicle defective and unsafe for its intended use.

84.    Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 knew or should have known that the 2019 Freightliner Cascadia would be used to transport drivers, passengers, and cargo and would reach the ultimate users or consumers in the condition that it was in at the time of the accident.

85.    The subject 2019 Freightliner Cascadia truck was defective when it left the possession of Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, and was expected to and did reach Defendants, 4US CORP, and fictitious defendants 21-100, without substantial change in its condition.

86.    The subject truck was not of merchantable quality, was unreasonably dangerous and defective, and was unfit and unsafe for the ordinary purposes for which it was intended and used.  Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180:

a. Wantonly failed to include a proper, adequate, and functioning safety system that could provide an audible alarm with a visual warning if a driver got too close to another vehicle, followed by partial braking, and finally full active braking, where the system slows a truck using the transmission, engine brake, and service brakes.

b. Wantonly failed to include a proper, adequate, and functioning safety system that could provide an audible alarm with a visual warning if a driver got too close to another vehicle, followed by partial braking, and finally full active braking, where the system slows a truck using the transmission, engine brake, and service brakes.

c. Possessed Detroit Assurance safety systems, which were capable of warning the defendant, driver, Andrii Dmyterko, and/or fictitious defendants 1-20, of the impending collision with the multiple vehicles stopped at the red traffic light, yet wantonly failed to design, manufacture, or sell the subject truck with functioning safety systems.

d. Wantonly failed to design, manufacture, and sell the subject truck without adequate and proper safety systems designed to mitigate against, reduce the severity of, and avoid collisions with other vehicles on the roadway.

e. Wantonly failed to warn the driver, Defendant Andrii Dmyterko, and/or fictitious defendants 1-20, via the Detroit Assurance or a similar safety system, of the impending collision with the multiple vehicles stopped at the red traffic signal, including the Plaintiff's Decedent.

f. Wantonly failed to warn the public that its 2019 model year heavy trucks, like the subject truck, were not installed with properly functioning Detroit Assurance or a similar safety system designed to mitigate against, reduce the severity of, and potentially avoid collisions with other vehicles on the roadway.

g. Wantonly failed to track faults and warn and recall products whose CAT was not operating properly and effectively to prevent collisions.

h. Wantonly failed to warn potential customers and purchasers of Freightliner trucks of the failures of the Detroit Assurance system.

i. Wantonly failed to recall or remedy the defective CAT system.

j. In the absence of properly functioning safety systems, the subject truck was unreasonably dangerous for its foreseeable and intended uses and other road users.

87.     Defendants MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 had a duty, at the time of the design, manufacture, sale, and marketing of the subject 2019 Freightliner Cascadia truck in question, to design, manufacture, market, sell, supply, distribute, assemble and/or retail it in a responsible and safe manner so as not to cause injury to members of the general public, such as the Plaintiff's husband.

88.     The defective condition of the subject truck was the proximate cause, or a proximately contributing cause, of Woodie Earl Beck, III's catastrophic injuries and death.

89.     Pursuant to Ala. Code § 6-5-410, Plaintiff, as the duly appointed Personal Representative of the Estate of Woodie Earl Beck, III, claims damages for his wrongful death.

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## NINTH CAUSE OF ACTION
### (AEMLD – MBUSA, MERCEDES/DAIMLER, DTNA, DTH)

Plaintiff, Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, alleges Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, as follows:

90.     Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

91.     This action is brought pursuant to the Alabama Extended Manufacturers' Liability Doctrine.

92.     Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, at all times relevant hereto, designed, manufactured, marketed, sold, supplied, distributed, and/or retailed the 2019 Freightliner Cascadia and its safety system.

93.     Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180 had a duty, at the time of the design, manufacture and marketing of the subject 2019 Freightliner Cascadia in question, to design, manufacture, market, sell, supply, distribute, assemble and/or retail it in a responsible and safe manner so as not to cause injury to members of the general public, such as the Plaintiff's husband.  This includes the duty to design the 2019 Freightliner Cascadia truck safely and to procure safe and suitable components for the 2019 Freightliner Cascadia truck.

94.     The Plaintiff further alleges that at the time the subject 2019 Freightliner 18-wheel tractor/trailer and/or its related component parts were designed, manufactured, marketed, sold, supplied, distributed, assembled, and/or retailed; they were in a defective and unreasonably dangerous condition and were not reasonably safe for their intended use.

95.     As a proximate consequence of the defective and unreasonably dangerous condition of the subject 2019 Freightliner Cascadia and/or its component parts as set forth above, the Plaintiff was caused to suffer the wrongful death of her husband, Woodie Earl Beck, III.

96.     Pursuant to Ala. Code § 6-5-410, Plaintiff, as the duly appointed Personal Representative of the Estate of Woodie Earl Beck, III, claims damages for his wrongful death.

31

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against Defendants, MBUSA, Mercedes/Daimler, DTNA, DTH, and/or fictitious defendants 81-180, for punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

**TENTH CAUSE OF ACTION**
**(ALFA – UNINSURED OR UNDERINSURED MOTORIST COVERAGE)**

141. Plaintiff realleges and incorporates the allegations contained in all prior paragraphs.

142.  Defendant ALFA INSURANCE COMPANY issued a policy of insurance (Policy No. 19001111817) to Woodie Earl Beck, III, deceased, that contained provisions for Uninsured Motorist (UM) coverage and/or Underinsured Motorist coverage (UIM), and that was in full force and effect on the date of the above-referenced crash, and at all other material times hereto.

143. ALFA insured Woodie Earl Beck, III, deceased, in writing in a policy of uninsured and/or underinsured motorist coverage against loss, damage, injury, and other damages incurred as a result of an automobile accident which was the fault of a motorist who does not carry sufficient liability insurance to compensate Plaintiff.

144. In the incident alleged herein, Plaintiff Woodie Earl Beck, III was killed in an automobile accident which was the fault of an uninsured or underinsured motorist as defined in said policy.

**WHEREFORE,** Plaintiff Tiffany Andrews Beck, as the Administratrix of the Estate of Woodie Earl Beck, III, deceased, demands judgment against Defendant, ALFA, and/or

32

fictitious defendants 181-200, for punitive damages in accordance with the policy and in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

Respectfully submitted,

**Attorneys for Plaintiff**

**UTSEY & UTSEY**                    **CUNNINGHAM BOUNDS, LLC**

*/s/ J. Jefferson Utsey*                  */s/ David S. Cain, Jr.*
J. JEFFERSON UTSEY (UTS002)          DAVID S. CAIN, JR. (CAI012)
E-mail: utseylaw@tds.net             DAVID G. WIRTES, JR. (WIR002)
112 S. Mulberry Avenue               MARGARET J. UTSEY (UTS003)
Butler, AL 36904                     Post Office Box 66705
T:  (205) 459-3791                   Mobile, Alabama  36660
F: (205) 459-4479                    dsc@cunninghambounds.com
                                     dgw@cunninghambounds.com
                                     mju@cunninghambounds.com
                                     Telephone:  251-471-6191
                                     Fax:  251-479-1031

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION.**

*/s/ David S. Cain, Jr.*

**THE NEWLY ADDED DEFENDANTS MAYBE SERVED AS FOLLOWS:**

**4US CORP**
c/o Illia Malikovskyi,
21 Bailay Lane
Lake Zurich, IL 60047

**MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG**
Mercedesstraße 120
70372 Stuttgart, Untertürkheim, Germany

**MERCEDES-BENZ USA, LLC**
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

**DAIMLER TRUCK NORTH AMERICA, LLC**
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

**DAIMLER TRUCK HOLDING AG**
Mercedesstraße 120
70372 Stuttgart, Untertürkheim, Germany

**ALFA MUTUAL INSURANCE COMPANY**
c/o Angela L. Bradwell
2108 E South Blvd
Montgomery, AL 36116